IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, JERALD LUNDGREN, STEVEN A BLOCHER, and TREV E PETERSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:10CV3120 |
| V. | ) ) | |
| CLARK E. BETTENHAUSEN, | ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) ) ) | |

IT IS ORDERED:

1)      Counsel for the parties shall confer and, on or before **September 25, 2010**, they shall jointly file a Rule 26(f) Report, a copy of which is attached.  The parties' responses to this Report will provide the basis for issuing a final progression order.  No planning conference with the court will be held before the final scheduling order is entered absent a timely request by one or more of the parties.

2)      If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the attached Rule 26(f) Report, on or before **September 18, 2010**, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

DATED this 24th day of August,  2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | Case No. |
| Plaintiff. | ) | |
| | ) | |
| | ) | |
| v. | ) | **RULE 26(F) REPORT** |
| | ) | |
| | ) | |
| Defendant. | ) | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

**(Identify, for each party, the counsel who participated in preparing the Rule 26(f) Report)**.

The parties discussed the case and jointly make the following report:

I.      Initial Matters:

      A.      Jurisdiction and Venue:  The defendant does _____ does not _____ contest jurisdiction and/or venue.  If contested, such position is because:

           1.      Jurisdiction:_____

           2.      Venue:_____

      B.      Rule 11 Certification: As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). _____

II.      Claims and Defenses:

      A.      Plaintiff's Claims, Elements, Factual Application: The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof and the facts plaintiff claims make it applicable or established in this case (DO NOT repeat boilerplate allegations from pleadings):

      1.      CLAIM ONE:_____
Elements:_____
      Factual Application: _____
Of these elements, defendant disputes the following:_____

(REPEAT FOR EACH CLAIM)

B.    Defenses.  The elements of the affirmative defenses raised by the pleadings are as follows: List each affirmative defense raised or expected to be raised by the defendant(s), the substantive elements of proof for it, and how the defendant claims the facts of this case make such defense applicable or established.  (DO NOT repeat boilerplate allegations from pleadings or deny matters on which plaintiff has the burden of proof):

      1.      DEFENSE ONE:_____
Elements:_____
      Factual Application: _____
Of these elements, plaintiff disputes the following:_____

(REPEAT FOR EACH DEFENSE)

III.    Case Progression.

A.    Mandatory disclosures will be served by:_____

B.    Motions to amend the pleadings or to add parties:

    1.    The plaintiff does \_\_\_\_\_ does not \_\_\_\_\_ anticipate need to amend pleadings or add parties.

    2.    The defendant does \_\_\_\_\_ does not \_\_\_\_\_ anticipate need to amend pleadings or add parties.

Any motions to amend pleadings shall be filed by _____.

**Note**:  The parties may agree on separate dates for plaintiff(s) and defendant(s). If more than sixty days are needed, state the reason(s) that much time is necessary.

C.    Experts and, unless otherwise agreed, expert reports shall be served by _____.
**Note**:  The parties may agree on separate dates for plaintiff(s) and defendant(s).

D.    Discovery.

    1)    Discovery, including depositions, will be completed by _____.

    2)    Agreed Discovery Procedures:

        a.    <u>Unique Circumstances</u>.  The following facts or circumstances unique to this case will make discovery more difficult or more time consuming: _____.

        Counsel have agreed to the following actions to address that difficulty: _____.

        b.    <u>Electronic Discovery Provisions</u>:  Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

            (i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

            (ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

            (iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such  production;

            (iv)    Whether reasonable measures have been implemented to preserve such data;

            (v)    The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

            (vi)    The form and method of notice of the duty to preserve;

            (vii)    Mechanisms for monitoring, certifying, or auditing custodial compliance;

            (viii)    Whether preservation will require suspending or modifying any routine business processes or procedures, records management

procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix)     Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

(x)     The anticipated costs of preserving these materials and how such costs should be allocated; and

(xi)     The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

_____ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ As to electronically stored information, the following provisions will be followed by the parties:_____.

c.     <u>Privileged and/or confidential communications and information</u>.

**General practice**:     Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log.  The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**.  To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

4

      i.        Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

      ii.      Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

      iii.    As contemplated by Rule 502(e) of the Federal Rules of Evidence, (Fed. R. Evid. 502(e)), the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.[1]

The parties agree that:

\_\_\_\_\_ No special provisions are needed regarding discovery of allegedly confidential information.  If such issues arise, they will be resolved in accordance with the court's general practice.

\_\_\_\_\_ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed:_____.

d.     \_\_\_\_\_ Is the maximum number of interrogatories, including sub-parts, that may be served by any party on any other party.

e.     \_\_\_\_\_ Is the maximum number of depositions that may be taken by plaintiffs as a group and defendants as a group.

f.     Depositions will be limited by Rule 30(d)(2), except the depositions of _____,which by agreement shall be limited as follows: _____.

g.     Other special discovery provisions agreed to by the parties include: _____.

---

[1]See, e.g., *Wade v. Gaither*, 2010 WL 624249, 2010 U.S. Dist. LEXIS 14456, 7-8 (D. Utah Feb. 20, 2010); *Northern Natural Gas Co. v. L.D. Drilling, Inc.*, 2010 U.S. Dist. LEXIS 8810, 16-17 (D. Kan. Feb. 1, 2010); *In re Avandia Mktg.*, 2009 U.S. Dist. LEXIS 122246, 34-36 (E.D. Pa. Oct. 2, 2009).

E.     The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment:_____

_____

Motions to dismiss, motions for summary judgment, or motions to exclude expert testimony on *Daubert* and related grounds will be filed by _____.

F.     Other matters to which the parties stipulate and/or which the court should know or consider: _____.

G.     The parties

      _____ do

      _____ do not

consent to final resolution and/or trial before the assigned magistrate judge.[2]

H.     This case will be ready for trial before the court by:  (month, year) .  The anticipated length of trial is _____ days.

Dated:_____

_____         _____

Counsel for Plaintiff(s)               Counsel for Defendant(s)

## CERTIFICATE OF SERVICE

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:_____.

---

[2]The form to be completed and filed to consent to final resolution by the magistrate judge, entitled "Consent to Reassignment to Magistrate Judge," is located on the court's website at http://www.ned.uscourts.gov/forms/.