IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, JERALD LUNDGREN, STEVEN A BLOCHER, and TREV E PETERSON, | ) ) ) ) ) | 4:10CV3120 |
| Plaintiffs, | ) ) | MEMORANDUM AND ORDER |
| v. | ) ) | |
| CLARK E. BETTENHAUSEN, | ) ) | |
| Defendant. | ) | |

The defendant has filed a motion for my recusal from this case. (Filing No. 56). Reading defendant's *pro se* motion liberally, the defendant claims recusal is necessary because: 1) my past rulings evidence a bias against the defendant; and 2) counter-plaintiff Trev Peterson was my partner when I was in private practice at the Knudsen Berkheimer law firm. "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003).

Every judicial officer must satisfy herself that she is actually unbiased toward the parties in each case and that her impartiality is not reasonably subject to question.

> The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion. In deciding whether to recuse [her]self, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of [her] presiding over their case.

In re Kansas Public Employees Retirement System, 85 F.3d 1353, 1358 (8th Cir. 1996) (quoting In re Drexel, 861 F.2d 1307, 1312 (2d Cir. 1988). See also, United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985) (decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.) "[T]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." Cheney v. U.S. Dist. Court for Dist. of Columbia, 541 U.S. 913, 924 (2004); O'Bannon v. Union Pac. R.R. Co., 169 F.3d 1088, 1091 (8th Cir.1999); Lunde v. Helms, 29 F.3d 367, 370 (8th Cir. 1994).

A judge must recuse herself if her "impartiality might reasonably be questioned," (28 U.S.C. §455(a)), but she has an equal obligation not to recuse herself when there is no reason to do so. Southwestern Bell Telephone Co. v. F.C.C, 153 F.3d 520, 523 (8th Cir. 1998). As the legislative history of 28 U.S.C. §455 explains, disqualification for lack of impartiality must have a reasonable basis. Nothing in this legislation should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable fear" that the judge will not be impartial. Litigants should not have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice. House Report No. 93-1453, adopting Senate Report No. 93-419, 3 U.S.Code Cong. & Admin. News, 93rd Cong., 2d Sess. 1974, pp. 6351-6363 at 6355.

The defendant states that my past partnership with Trev Peterson "gives Petitioner good reason to believe the above Judge cannot hear the above case in a fair and impartial manner." (Filing No. 56, p. 1). Pursuant to 28 U.S.C. §455(b)(1) & (2), recusal is necessary if the judge:

- has personal knowledge of disputed evidentiary facts concerning the proceeding; or

- is a material witness for the case; or

- served as lawyer in the matter in controversy while in practice; or

- previously practiced law with an attorney who was, at the time of the judge's association with that attorney, providing representation for the matter in controversy or who is a material witness in the case.

28 U.S.C. §455(b)(1) & (2).

The recusal requirements of 28 U.S.C. §455(b) are not applicable to this case. I have no personal information about this case, provided no representation for this case or any of its underlying bankruptcy cases and filings, and cannot serve a material witness regarding any of the facts or issues. Although Trev Peterson is my past partner, his representation in this matter did not begin until July 29, 2004. (Filing No. 47-1, (Peterson affidavit), ¶ 1). I left the Knudsen, Berkheimer partnership in August 2001, and I have not had a financial interest in that partnership since 2001. Accordingly, I was not a partner of Trev Peterson during his representation of Wells Fargo on this matter. My past partnership relationship with Mr. Peterson provides no basis for recusal. Veneklase v. City of Fargo, 236 F.3d 899, 901 (8th Cir. 2000) (circuit judge's recusal was unwarranted where his former law firm represented a party in isolated, unrelated litigation six to seven years before the judge took the bench because that circumstance "simply cannot and does not create an appearance of impropriety to an average person, knowing the facts of this situation"). See also, Committee on Codes of Conduct Advisory Opinion No. 24, Financial Settlement and Disqualification on Resignation From Law Firm (recommending a recusal period of at least two years after leaving a law firm, with the actual period of recusal depending upon various circumstances including the relationship the judge had at the law firm with the lawyer appearing before the judge, the length of time since the judge left the law firm, and the relationship between the judge and the particular client, and the importance of that client to the firm's practice).

The defendant claims recusal is required because "[t]he United States Constitution guarantees an unbiased Judge who will always provide litigants with full protection of All RIGHTS." (Filing No. 56, p. 1.). Under the Due Process Clause, a judge must recuse herself in instances where, "as an objective matter, . . . the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable." Caperton v. A.T. Massey Coal Co., Inc., 129 S.Ct. 2252, 2254 (U.S. 2009).

While personal animosity toward a party can be the basis for recusal, such is not the case here. I have never met or spoken to the defendant, and other than the existence of this lawsuit, I know nothing about him. My only contact with this case is evidenced in the rulings entered during pretrial progression. Except in extreme circumstances demonstrating favoritism or antagonism, determinations of bias or partiality cannot be based on opinions, rulings, or incidents arising out of the course of the proceedings in question. Liteky v. United States, 510 U.S. 540, 554 (1994). Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. These rulings may provide a proper ground for appeal, but not for recusal. Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Id. at 555. In addition, bias or partiality is not established by evidence of "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." Id. at 555-54.

Finally, the defendant claims "Trev Petersen expects a Summary Judgment without mak[ing] and adequate show[ing] of material evidence or presenting an argument," which demonstrates "that he as I would expect his friend and former partner to rule for him." Filing No. 56, p. 2. I am assigned to this case for pretrial progression. I am not the assigned

presiding judge and, as such, will not be entering any dispositive rulings on the merits, including any rulings on the pending motions for summary judgment.

For all the foregoing reasons,

IT IS ORDERED that defendant's motion for recusal (filing no. 56) is denied.

February 8, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.